***********
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon review of the evidence affirms the holding of the deputy commissioner on the issue appealed.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On all relevant dates herein, the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act. An employment relationship existed between plaintiff and defendant-employer on 12 February 1999.
2. Travelers Insurance Company was the workers' compensation carrier on the risk at all times relative to this claim.
3. Defendants admitted plaintiff's right to compensation for an injury by accident occurring on 12 February 1999 pursuant to an Industrial Commission Form 60.
4. Even though the average weekly wage is in dispute, the parties agree that plaintiff is entitled to the maximum compensation rate for 1999, which is $560.00 per week.
5. Plaintiff did not work for defendant-employer from 12 February 1999 to 12 September 1999, from 19 March 2001 to 8 April 2001 and has not again worked for defendant-employer since 20 December 2001.
6. The parties submitted a Packet of Medical Records, which was admitted into the record, and marked as Stipulated Exhibit (2).
 ***********
Based upon all the evidence adduced from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Defendants appealed only from the deputy commissioner's findings of fact, conclusions of law and award relating to plaintiff's average weekly wage, which included allowances that were treated as compensation. Although it is stipulated that plaintiff is entitled to the maximum compensation rate for 1999, a decision on plaintiff's average weekly wage is necessary for plaintiff's potential future claims, if any. Defendants contend that plaintiff's average weekly wage only included salary, which was $1,174.50. Plaintiff contends that his average weekly wage included salary plus allowances for lodging and per diem and was $1,834.50. Either calculation would entitle plaintiff to the maximum compensation rate for 1999 of $560.00.
2. At the time of the hearing before the deputy commissioner, plaintiff was fifty-six years of age, with a date of birth of 20 December 1947. Plaintiff graduated from high school and then served in the United States Air Force, from which he was honorably discharged.
3. Plaintiff began working for defendant-employer in 1996 as a Senior Equipment Operator-Job Site Supervisor. In that capacity, plaintiff's duties included operating heavy equipment, performing soil remediation by excavating contaminated soil and replacing it with clean soil or decontaminating it, and overseeing all the work on the job site to make sure that it was being done in accordance with government standards.
4. Plaintiff's home was located in Lawrenceville, Georgia, but he worked on job sites away from his hometown as assigned by defendant-employer.
5. While working for defendant-employer, plaintiff lived on or near the job site at defendant-employer's expense, which included compensation for lodging of up to $65.00 per day, or $455.00 per week, and compensation for meals and incidental expenses of $30.00 per day, or $210.00 per week. Plaintiff's job required him to be available twenty-four hours per day, seven days per week.
6. On 12 February 1999, plaintiff slipped and fell down a staircase at an apartment complex while working for defendant-employer in North Carolina. Plaintiff landed on his buttocks and fractured his right femur. Defendants admitted the compensability of this injury via a Form 60 filed on 26 February 1999. Plaintiff received medical compensation and indemnity benefits for the periods of 12 February 1999 through 13 September 1999, and from 9 April 2001 through 20 December 2001.
7. During the fifty-two weeks prior to his injury, plaintiff's average weekly salary without allowances was $1,169.50. Additionally, plaintiff was paid a lodging allowance consisting of payment for either hotel room expenses, rental of condos or the lot lease for plaintiff's personal camper trailer. The lodging payment was based on the maximum rate allowed by federal guidelines, which was $65.00 per day according to plaintiff's testimony. Based on the greater weight of the evidence and reasonable inferences therefrom, plaintiff was paid $65.00 for lodging rather than reimbursement for actual lodging expenses. At the time of his injury, plaintiff was living in his personal camper trailer on a leased lot in Emerald Isle near his job site. Plaintiff's home was approximately 500 miles away. Plaintiff's per diem of $30.00 per day, seven days per week was based on an established rate rather than reimbursement for actual expenses.
8. Plaintiff's daily lodging and per diem payments were made in lieu of wages and were part of his wage contract. Plaintiff's job required him to live long distances away from home for long periods of time. Without lodging and per diem allowances, plaintiff's work expenses would have constituted more than one-half of his gross salary. Plaintiff worked as a lead man for a crew of up to ten people. He performed the duties of a job site foreman, which included bidding on jobs, operating heavy equipment as well as manual labor. He was classified as a Level III Senior Finish Grade Operator. Based on reasonable inferences from the evidence, plaintiff would not have been willing to perform his job duties for a salary of $525.00 after expenses, but before taxes. The allowances constituted an economic gain for plaintiff and were directly tied to the performance of plaintiff's job duties under his wage contract. Plaintiff's housing and per diem allowance provided a benefit to his employer and was a benefit to him.
9. During the fifty-two weeks prior to his injury by accident, plaintiff earned an average weekly salary of $1,169.50. Additionally, plaintiff received compensation for meals and incidental expenses in the amount of $210.00 per week and compensation for lodging in the amount of $455.00 per week. Plaintiff's correct average weekly wage, including overtime and all allowances is $1,834.50.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. "Average weekly wages" shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury. N.C. Gen. Stat. § 97-2(5) (2003).
2. During the fifty-two weeks prior to his injury by accident, plaintiff earned an average weekly salary of $1,169.50. Additionally, plaintiff received compensation for meals and incidental expenses in the amount of $210.00 per week and compensation for lodging in the amount of $455.00 per week.
3. Plaintiff received the per diem lodging and incidental payments as part of his wage contract. These payments were made in lieu of wages and in consideration for his living away from his home in order to work for defendant-employer. See Larson, The Law of Workmen's Compensation § 93.01[2][a] (2000).
4. Plaintiff's correct average weekly wage, including overtime and all allowances is $1,834.50. N.C. Gen. Stat. § 97-2(5). See also Cox v.City Of Winston-Salem, 157 N.C. App. 228, 578 S.E.2d 669 (2003); Moorev. Standard Mineral Co., 122 N.C. App. 375, 469 S.E.2d 594 (1996).
5. In Shah v. Howard Johnson, 140 N.C. App. 58, 535 S.E.2d 577 (2000),disc. rev. denied, 353 N.C. 381, 547 S.E.2d 17 (2001), it was determined that the Commission was correct in calculating the value of the plaintiff's lodging and applying it to the plaintiff's average weekly wage. Shah was decided based on N.C. Gen. Stat. § 97-2(5), which provides in pertinent part that "[w]herever allowances of any character made to an employee in lieu of wages are specified part of the wage contract they shall be deemed a part of his earnings." N.C. Gen. Stat. § 97-2(5). Here, there is no dispute over the reasonable market value of plaintiff's lodging. Plaintiff was paid a weekly $455.00 for lodging and $210.00 per week for incidental expenses to spend as he saw fit. We therefore distinguish Shah and hold that plaintiff's correct average weekly wage, including overtime and all allowances is $1,834.50.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay compensation to plaintiff based on an average weekly wage of $1,834.50.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff is approved for plaintiff's counsel.
3. Defendants shall pay the costs.
This the ___ day of March 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER